JANE WALKER, Appellant, v. ROBERT WALKER, Respondent.— In two separate actions, consolidated for trial, brought by the plaintiff against her former husband to recover a sum of money alleged to be owing under a separation agreement between them; the first action (No. 1) being for the period from September to November, 1962, and the second action (No. 2) being for the period from January to May, 1963, and the defendant having asserted certain counterclaims in such second action, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County, entered June 9, 1964 after a nonjury trial, upon the written decision of the court in favor of the defendant, as dismissed the complaint on the merits in both actions and as awarded costs to defendant against plaintiff. Judgment modified on the law and the facts as follows: (1) by striking out its first decretal paragraph dismissing the complaints, and by substituting therefor a provision dismissing the complaint solely in the first action, No. 1; (2) by adding a new decretal paragraph directing recov-

ery by plaintiff from defendant of the total amount demanded by plaintiff in her complaint in the second action, No. 2, namely: $2,984.05, with interest thereon from January 1, 1963; and (3) by striking out its second decretal paragraph awarding costs to defendant, and substituting therefor a provision directing that no costs be awarded to either party. As so modified, judgment, insofar as appealed from, affirmed, without costs. Additional findings of fact are hereby made, as indicated herein. In our opinion, it was conclusively established at the trial that plaintiff received all that she was entitled to receive from the defendant for the period from September to November, 1962. The complaint in the first action, No. 1, was therefore properly dismissed. We further conclude, however, that in view of the express provisions of the separation agreement, the plaintiff's breach of its provisions requiring her: to maintain a proper home for the children, to make the payments on the mortgage upon the former marital home, and to make the payments on the chattel mortgage upon the station wagon, did not preclude her from recovering the support payments provided for in the agreement for the period January to May, 1963. Moreover, with respect to the plaintiff's failure to make the payments on both mortgages, such failure constituted nothing more than the violation of independent covenants. The breach of such a covenant does not relieve the defendant of his obligation to support the plaintiff in accordance with the provisions of the agreement (cf. *Borax* v. *Borax*, 3 A D 2d 404, affd. 4 N Y 2d 113). It is not every breach of a contractual duty by one party to a bilateral contract which discharges the duty of performance on the part of the other (6 Corbin, Contracts, § 1253, p. 7). Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.